**Ana ZGOMBIC, a/k/a Ana Reynolds,**
**Petitioner–Appellee,**

v.

**Steven J. FARQUHARSON, District Director & Janet Reno, Attorney General, USA, Respondents–Appellants.**

**No. 00–6165.**

United States Court of Appeals,
Second Circuit.

May 29, 2003.

Hugh Mullane, Senior Litigation Counsel, United States Department of Justice, Robert D. McCallum, Jr., Assistant Attorney General, David J. Kline, Principal Deputy Director, John A.A. Danaher III, United States Attorney for the District of Connecticut, for Appellants, (Deborah R. Slater, Assistant United States Attorney, of counsel).

Christopher J. Meade, Wilmer, Cutler & Pickering, Judy Rabinovitz, American Civil Liberties Union Foundation (Paul A. Engelmayer, Wilmer, Cutler & Pickering, Jonathan E. Avirom, Avirom & Associates LLP; on the brief); New York, NY, for Appellee.

Present: CALABRESI, B.D. PARKER, Jr., and RAGGI, Circuit Judges.

### SUMMARY ORDER

In June 1996, Petitioner–Appellee, Ana Zgombic, a lawful permanent resident alien, was detained at the United States border upon returning from a nine-month trip abroad. She was paroled into the United States by the INS for the purpose of criminal prosecution for bank fraud. Zgombic pleaded guilty to several charges in 1998. She was sentenced to 15 months' imprisonment and was ordered to pay $800,000 in restitution While serving her sentence, the INS terminated Zgombic's parole status and charged that she was inadmissible under 8 U.S.C. § 1182(a)(2)A(i). After her release from federal prison, Zgombic was detained by the INS and was ordered removed. Zgombic sought and received a writ of habeas corpus in the district court (Underhill, *J.*) directing that she be afforded an individualized bail hearing and that she be considered for discretionary relief from removal under former 8 U.S.C. § 1182(c). The government appealed.

When this case arose, the questions of (a) the retroactivity of the congressional repeal of § 1182(c) relief to situations in which an alien committed the deportable offense before that repeal but pleaded guilty to the offense after the repeal and (b) the constitutionality, as applied to lawful permanent resident aliens, of 8 U.S.C. § 1226(c), which mandates the detention during removal proceedings of aliens who have been convicted of aggravated felonies, were both open.

 Intervening decisions have altered matters significantly. The § 1182(c) argument accepted by the district court has been precluded in this circuit by *Rankine v. Reno*, 319 F.3d 93 (2d Cir.2003). And the § 1226(c) argument is now governed by *Demore v. Kim*, — U.S. —, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003). *See Aikens v. Reno*, 330 F.3d 547 (2d Cir.2003) (*per curiam*). In that case, the Supreme Court held that "[d]etention during removal proceedings is a constitutionally permissible part of [the removal] process" and that, in particular, a lawful permanent resident alien may be detained during the "limited period of his removal proceedings" without an individualized determination of the risk the alien poses of flight or the danger he might pose to the community. *Kim*, 123 S.Ct. at 1721–22. Because the district court has not had occasion to consider whether the facts of this case fall into the potential exceptions noted in the concurring opinion of Justice Kennedy in *Kim*, *id.* at 1722 (Kennedy, *J.*, concurring) (explicating his understanding that the majority opinion may allow a challenge to detention when, for example, there has been unreasonable delay by the INS), we remand the case to the district court for consideration of the facts of this case in the light of that opinion. In doing so, we in no way imply that the facts in this case fit into those possible exceptions.

Since we remand, we leave it open to the district court to reconsider, if it wishes, a narrower argument for § 1182(c) relief made by Petitioner (that she was placed in exclusion proceedings by the INS in June 1996 upon returning from abroad and that § 1182(c) relief is available to aliens whose exclusion proceedings began at that time), which that court initially rejected in a context in which that rejection had little significance. We have not reviewed that argument, and we of course express no opinion whatever as to its merits.

We therefore VACATE the judgment of the district court and REMAND for further proceedings consistent with this opin-

ion. In the event of a subsequent appeal, the matter will be assigned to this panel.